BAILEY *v.* TOMPKINS.

SCHOOLS AND SCHOOL DISTRICTS—ORDERS—GUARANTY OF SCHOOL
OFFICERS.
   * Where an order purports upon its face to be issued by a school
     district, and is signed by the school officers in the ordinary
     place for signatures, and at the left, in fine print, are the
     words, "Issued by authority of officers of said district, and
     payment guaranteed," and a space left underneath for the
     signatures of the guarantors, *held:*
   1. That the purchaser took the order subject to the authority of
     the school district to issue.
   2. That such school officers are not liable as guarantors.

Error to Newaygo; Palmer, J. Submitted April 16,
1901. Decided June 4, 1901.

*Assumpsit* by John Bailey against Isaac Tompkins and
Mason Norton to recover the amount of a school order.
From a judgment for defendants on verdict directed by
the court, plaintiff brings error. Affirmed.

This is an action of *assumpsit*, brought in justice's court.
The declaration was upon the common counts, and, as
shown by the return of the justice, is as follows:

"The plaintiff declared orally on the common counts,
and avers that the school order filed in this cause was duly
assigned by the Educational Association to the plaintiff,
John Bailey, for a valuable consideration."

The order reads:

"STATE OF MICHIGAN,                                   $37.50
  "County of Newaygo.
              "Town of Norwich, Dist. 5, Oct. 21st, 1897.
  "Assessor of district 5, township of Norwich, Oct. 20,
1898, will pay to the Educational Association, or bearer,
the sum of thirty-seven and 50-100 dollars, out of any fund

*Head-notes by GRANT, J.

belonging to said district, for Complete Encyclopedia of Modern School Methods, illustrated, comprising reading, grammar, writing, arithmetic, business course, history, geographical maps, and automatic case.

"Issued by authority of officers of said district, and payment guaranteed by    School Officers.  { "ISAAC TOMPKINS. { "MASON NORTON."

Upon appeal the circuit court directed a verdict for the defendants. The order was obtained by two traveling agents of the Educational Association, who, after obtaining the order, immediately transferred it to the plaintiff. Defendant Tompkins was the director of the district, and Norton the moderator. It was conceded upon the trial that the order was void as to the school district, and that the defendants had no authority to buy the books or issue the order, but plaintiff seeks to hold the defendants both as makers and as guarantors. Nothing was said to defendant Tompkins by the agents as to his personal liability. Defendant Norton raised some question as to his personal liability, and was informed by the agents that he was not liable. Both defendants informed these agents that they had no authority to buy the books. The agents pretended to read from the law, showing them that they had authority, and finally persuaded them to sign the order. Neither signed with any idea that he was personally responsible or was guaranteeing the payment of the order.

*E. L. Gray*, for appellant.

*George Luton*, for appellees.

GRANT, J. (*after stating the facts*). 1. The order upon its face was the obligation of the school district, and not that of the defendants, who signed as officers. Plaintiff's main argument seems to be that the defendants were "guilty of gross carelessness in signing the order, and thus putting it in the power of wrong-doers to commit a wrong or a fraud which must result in a loss to themselves or to some innocent third person." This is not a case for the application of that rule. The

order, upon its face, purports to be issued by authority of the school district. It is like the bonds of a municipality, which the purchaser takes subject to the authority of the municipality to issue. The officers who sign such orders or bonds are not liable in an action of *assumpsit*, for they have not personally promised to pay the debt. If they are guilty of any fraud in connection therewith, they can only be held liable in another form of action.

2. There is nothing upon the face of the order to indicate to plaintiff that payment was guaranteed by the defendants. The defendants signed the order in the usual place, at the right hand, opposite the words "School Officers." At the left are the words, "Issued by authority of officers of said district, and payment guaranteed by"— It was conceded that the officers had no authority to issue the order, and, as against the district, it is void. They evidently did not sign the order as guarantors, or upon any idea that they were individually liable. The guaranty was placed at the left of the order, leaving a place underneath for the signatures of those who might sign as guarantors. It is a fair inference that the order was printed with the fraudulent intent to mislead the signers of it in believing that they were acting only in an official capacity, and at the same time enabling the agents of the Educational Association, in disposing of the order, to represent that the officers were individually liable.

We think the court properly directed a verdict, and the judgment is affirmed.

The other Justices concurred.